287 F.3d 43
 Arthur EVANS, dba Family Telephone Network, Plaintiff-Appellant,
v.
NEW YORK STATE PUBLIC SERVICE COMMISSION, New York State Department of Public Service, Eleanor Stein, Rafael Epstein, Gerald Lynch, Patricia Grillo, Douglas Sieg, Christopher Hanifin, Steven Blow, Defendants-Appellees.
 Docket No. 01-7658.
 United States Court of Appeals, Second Circuit.
 Argued: February 25, 2002.
 Decided: April 9, 2002.
 
 COPYRIGHT MATERIAL OMITTED Arthur Evans, Floral Park, NY, Plaintiff-Appellant pro se.
 Kevin M. Lang, Assistant Counsel, Public Service Commission of the State of New York, Albany, NY; Lawrence G. Malone, General Counsel, Carl F. Patka, Assistant Counsel, Albany, N.Y., on the brief, for Defendants-Appellees.
 Before KEARSE and JACOBS, Circuit Judges, and JONES, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff pro se Arthur Evans, who was represented by counsel at various stages of the proceedings in the district court, appeals from a judgment of the United States District Court for the Southern District of New York, Kimba M. Wood, Judge, dismissing his complaint, brought under 42 U.S.C. § 1983 (1994), alleging that defendants New York State Public Service Commission ("PSC") et al., in allowing the New York Telephone Company ("NYTEL") to discontinue certain services within New York, violated Evans's rights under the First and Fourteenth Amendments to the Constitution, the Communications Act of 1934, 47 U.S.C. § 151 et seq. (1994 & Supp. V 1999), the Telecommunications Act of 1996 ("Telecommunications Act"), Pub.L. No. 104-104, 110 Stat. 56 (codified as amended at scattered sections of 15, 18, and 47 U.S.C.), and the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (2000). In an Order dated March 30, 2001 ("March 2001 Order"), the district court, adopting in part the Report and Recommendation of Magistrate Judge Ronald L. Ellis dated December 28, 2000 ("Report"), dismissed Evans's constitutional claims for lack of subject matter jurisdiction on the ground that those claims were barred by the Johnson Act, 28 U.S.C. § 1342 (1994) (the "Act"). The court granted summary judgment dismissing the statutory claims on their merits, ruling, inter alia, that Evans lacked standing under the Telecommunications Act because he is not a telecommunications carrier; that defendants have immunity from the Sherman Act claims because the PSC order was an act of government to which the antitrust laws do not apply; and that Evans had proffered no evidence that the PSC order violates the Communications Act of 1934 or the regulations promulgated thereunder. Evans contends that these rulings were erroneous and that the district court should not have dismissed his complaint without considering additional documents. We disagree.
 
 
 2
 The Johnson Act provides, in pertinent part, that
 
 
 3
 [t]he district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:
 
 
 4
 (1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
 
 
 5
 (2) The order does not interfere with interstate commerce; and,
 
 
 6
 (3) The order has been made after reasonable notice and hearing; and,
 
 
 7
 (4) A plain, speedy and efficient remedy may be had in the courts of such State.
 
 
 8
 28 U.S.C. § 1342. Although the Johnson Act is to be "construed broadly to oust federal courts of jurisdiction" over purely constitutional challenges to orders affecting rates, the Act does not deprive the federal courts of jurisdiction to consider challenges to a state administrative agency's order that does not affect rates. See, e.g., National Fuel Gas Distribution Corp. v. TGX Corp., 950 F.2d 829, 835 (2d Cir.1991) (internal quotation marks omitted). Nor does the Act deprive the courts of jurisdiction to decide federal statutory claims. See, e.g., GTE North, Inc. v. Strand, 209 F.3d 909, 921-22 (6th Cir.) (Johnson Act does not require abstention with respect to alleged violations of Telecommunications Act), cert. denied, 531 U.S. 957, 121 S.Ct. 380, 148 L.Ed.2d 293 (2000).
 
 
 9
 Evans, an information provider using NYTEL's "976" services, challenged a PSC order that affects those services, among others. To the extent pertinent here, the order requires NYTEL to absorb the cost of making its equipment Y2K compliant in order to provide 976 services to information providers for five years, but it allows NYTEL to discontinue 976 services after that five-year period. The order also requires NYTEL to reduce the rates charged to information providers during the five-year period and to give refunds and other allowances to the information providers. Evans contended that the PSC denied him due process because it did not give him notice of negotiations leading to the order or an opportunity to be heard in evidentiary hearings preceding its issuance. He also contended that the PSC order violates the First Amendment by restricting his speech and the speech of those who call for 976 services.
 
 
 10
 To the extent that Evans challenged the PSC's order in its entirety on constitutional grounds, it is clear that his challenges were barred by the Johnson Act because the order is one affecting rates, does not interfere with interstate commerce, may be challenged effectively through State proceedings, and, as the district court found, had been issued after reasonable notice and a hearing. Accordingly, we affirm the dismissal of those claims for lack of subject matter jurisdiction for the reasons stated by the district court in the March 2001 Order.
 
 
 11
 The PSC has not, however, called to our attention any authority, and we know of none, for the proposition that an agency order that simply allowed the discontinuation of a service would necessarily be viewed as an order affecting "rates." It is thus not clear to us that a federal court would lack jurisdiction to hear a constitutional challenge to only so much of an order as permitted such a discontinuation. To the extent that Evans's constitutional claims focusing on the discontinuation of 976 services may be viewed solely as a challenge to aspects of the PSC's order other than rate-making, we affirm their dismissal not on the ground that they are barred by the Johnson Act, but rather on the ground that they lack merit for the reasons stated by the magistrate judge in his Report.
 
 
 12
 Finally, as discussed above, the Johnson Act does not deprive the federal courts of jurisdiction to entertain challenges to orders affecting rates on federal statutory grounds, and the district court here dealt with Evans's statutory claims on their merits. We affirm the dismissal of those claims for the reasons stated in the district court's March 2001 Order. We also reject Evans's suggestion that the court could not properly dismiss his claims without considering additional documents. The documents in question were not presented in opposition to defendants' motion for summary judgment, and we see no abuse of discretion in the district court's refusal to reconsider its dismissal on the basis of newly submitted materials, especially given that during the summary judgment phase of the case Evans was represented by counsel.
 
 
 13
 We have considered all of Evans's contentions on this appeal and have found them to be without merit. The judgment dismissing the complaint is affirmed.
 
 
 
 Notes:
 
 
 *
 Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation